# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF FLORIDA

### JACKSONVILLE DIVISION

**Kristin Stevenson,**
Plaintiff,

v.

**Girl Scouts of Gateway Council, Inc.,**
Defendant.

**Case No.** _____

**Attachment A – Statement of Claim**

**Statement of Facts**

1. Plaintiff, Kristin Stevenson, is a Black woman who was employed by Defendant, Girl Scouts of Gateway Council, Inc., as a Membership Support Manager from April 23, 2024, until her termination on July 15, 2025.

2. Beginning in approximately August 2024, Plaintiff alleges that she was treated differently from similarly situated White coworkers. Plaintiff's direct supervisor repeatedly canceled scheduled one-on-one coaching meetings while White coworkers continued receiving regular coaching and managerial support. Plaintiff also alleges that she experienced repeated public questioning regarding her work activity, availability, and calendar by a coworker in group settings, which contributed to a hostile work environment.

3. Throughout her employment, Plaintiff sought feedback and professional development. Plaintiff maintains that her supervisor's repeated cancellation of coaching meetings limited her ability to receive meaningful guidance and improve her performance. Plaintiff documented these cancellations through calendar records, Teams messages, and call logs.

4. On or about April 22, 2025, Plaintiff received a Performance Improvement Plan ("PIP"). Plaintiff alleges that the PIP contained factual inaccuracies, including references to meetings and coaching conversations that either did not occur or were inaccurately characterized. Plaintiff believes these inaccuracies were used to unfairly evaluate her performance.

5. On April 28, 2025, Plaintiff submitted a formal complaint to Human Resources describing concerns regarding retaliation, a hostile work environment, factual inaccuracies in the PIP, and inconsistent management practices. Plaintiff requested that these concerns be investigated and included in her personnel file.

6. Plaintiff alleges that Human Resources did not provide a substantive response until June 12, 2025, when Plaintiff was informed that the conduct complained of did not violate company policy.

7. After Plaintiff's supervisor departed, Plaintiff's new manager offered Plaintiff a lower-level position with reduced compensation. Plaintiff alleges she was informed that declining the position would result in another Performance Improvement Plan. Plaintiff declined the position. Plaintiff further alleges that her manager acknowledged improvement in her performance and indicated that a June performance review was forthcoming; however, that review was never completed.

8. On July 15, 2025, Defendant terminated Plaintiff's employment, stating that the reason for termination was poor job performance. Plaintiff alleges that the stated reason for her termination was a pretext for unlawful race discrimination and retaliation.

9. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission alleging race discrimination and retaliation. The EEOC issued Plaintiff a Notice of Right to Sue, and Plaintiff timely files this action within the time allowed by law.

10. As a result of Defendant's alleged conduct, Plaintiff suffered loss of employment, lost wages and benefits, emotional distress, and other damages for which she seeks relief under Title VII of the Civil Rights Act of 1964.



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Miami District Office**
100 SE 2nd St, Suite 1500
Miami, FL 33131
(800) 669-4000
Website:

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 05/05/2026

**To:** Kristin Stevenson
10655 Brightman Blvd Apt 539
JACKSONVILLE, FL 32246
Charge No: 510-2025-12665

EEOC Representative and email:   SERGIO MALDONADO
INVESTIGATOR
SERGIO.MALDONADO@EEOC.GOV

---

## DETERMINATION AND NOTICE OF RIGHTS

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 510-2025-12665.

On behalf of the Commission,

Digitally Signed By:Evangeline Hawthorne
05/05/2026

Evangeline Hawthorne
Director

**Cc:**
GIRL SCOUTS OF GATEWAY COUNCIL, INC.
10655 Brightman Blvd Apt 539
JACKSONVILLE, FL 32246


Please retain this Notice for your records.

Enclosure with EEOC Notice of Closure and Rights (05/25)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* EEOC's official notice of dismissal. You should keep a record of the date you received EEOC's official notice of dismissal.** Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving EEOC's official notice of dismissal (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA, or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of your receipt of EEOC's official notice of dismissal and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to                                                    .

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:

                                   .

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of EEOC's official notice of dismissal, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at                        (this is the preferred method).  You may also submit a

Enclosure with EEOC Notice of Closure and Rights (05/25)

FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 510-2025-12665 to the District Director at Evangeline Hawthorne, 100 SE 2nd St Suite 1500, Miami, FL 33131.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 510-2025-12665 to the District Director at Evangeline Hawthorne, 100 SE 2nd St Suite 1500, Miami, FL 33131.

You may request the charge file up to 90 days after receiving EEOC's official notice of dismissal. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to
.

For more information on submitted Section 83 requests, go to
.